ORIGINAL

FILED IN OPEN COURT
U.S.D.C ATLANTA

JUL 2 7 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | |
| | : | 1:10-CR-251 |
| JOSE TRINIDAD AYALA-BAEZ, | : | (SECOND SUPERSEDING) |
| aka TRINO, | : | |
| AGUSTINE DIAZ-LOPEZ, aka TIN, | : | |
| IGNACIO LNU, aka NACHO, | : | |
| JAVIER PITACUA REYES, | : | |
| aka JORGE OROZCO MORA, | : | |
| aka PANCHITO, | : | |
| GUILLERMO BARRIGA SILVESTRE, | : | |
| aka CARNITAS, | : | |
| CATARINO MORENO, | : | |
| JAIME MURO, aka JAIMITO, | : | |
| ISRAEL SALGADO, aka PAISA, | : | |
| ALFREDO O'CAMPO, aka FREDDY, | : | |
| ARTIS LISBON, aka BEBE, and | : | |
| ARTEMIO ALANIS GONZALEZ, | : | |
| aka COYOTA | : | |

THE GRAND JURY CHARGES THAT:

COUNT ONE

Beginning on a date unknown to the Grand Jury, but at least as of on or about May 21, 2009, and continuing until on or about June 29, 2010, in the Northern District of Georgia and elsewhere, the defendants,

JOSE TRINIDAD AYALA-BAEZ, aka TRINO,
AGUSTINE DIAZ-LOPEZ, aka TIN,
IGNACIO LNU, aka NACHO,
JAVIER PITACUA REYES, aka JORGE OROZCO MORA, aka PANCHITO,
GUILLERMO BARRIGA SILVESTRE, aka CARNITAS,
CATARINO MORENO,
JAIME MURO, aka JAIMITO,
ISRAEL SALGADO, aka PAISA,
ALFREDO O'CAMPO, aka FREDDY,

ARTIS LISBON, aka BEBE, and
ARTEMIO ALANIS GONZALEZ, aka COYOTA,

did knowingly and intentionally combine, conspire, confederate,
agree and have a tacit understanding with each other and others
known and unknown to the Grand Jury, to commit violations of Title
21, United States Code, Section 841(a)(1), that is, to knowingly
and intentionally possess with intent to distribute and to
knowingly and intentionally distribute a controlled substance,
namely cocaine, a Schedule II controlled substance, marijuana, a
Schedule I controlled substance, and/or heroin, a Schedule I
controlled substance, said conspiracy involving at least five (5)
kilograms of a mixture containing a detectable amount of cocaine,
at least one-hundred (100) kilograms of a mixture containing a
detectable amount of marijuana, and/or at least one (1) kilogram of
a mixture containing a detectable amount of heroin, in violation of
Title 21, United States Code, Sections 841(b)(1)(A)(i) and (ii),
841(b)(1)(B)(vii), and 846.

COUNT TWO

From a date unknown to the grand jury, but at least by on or
about May 21, 2009, and continuing until on or about June 29, 2010,
within the Northern District of Georgia and elsewhere, the
defendants,

JOSE TRINIDAD AYALA-BAEZ, aka TRINO,
AGUSTINE DIAZ-LOPEZ, aka TIN,
IGNACIO LNU, aka NACHO,
JAVIER PITACUA REYES, aka JORGE OROZCO MORA, aka PANCHITO,
GUILLERMO BARRIGA SILVESTRE, aka CARNITAS,

2

CATARINO MORENO,
JAIME MURO, aka JAIMITO,
ISRAEL SALGADO, aka PAISA,
ALFREDO O'CAMPO, aka FREDDY, and
ARTEMIO ALANIS GONZALEZ, aka COYOTA,

did knowingly combine, conspire, and agree with each other and
other persons known and unknown to the Grand Jury to commit
offenses against the United States in violation of Title 18, United
States Code, Section 1956, to wit:

(a) to knowingly conduct and attempt to conduct a financial
transaction affecting interstate and/or foreign commerce, which
involved the proceeds of a specified unlawful activity, that is,
the felonious importation, concealment, buying, selling and/or
otherwise dealing in a controlled substance, punishable under the
laws of the United States of America, with the intent to promote
the carrying on of specified unlawful activity and that while
conducting and attempting to conduct such financial transaction
knew that the property involved in the financial transaction
represented the proceeds of some form of unlawful activity, in
violation of Title 18, United States Code, Section
1956(a)(1)(A)(i); and

(b) to knowingly conduct and attempt to conduct a financial
transaction affecting interstate commerce and/or foreign commerce,
which transaction involved the proceeds of specified unlawful
activity, that is, the felonious importation, concealment, buying,
selling and/or otherwise dealing in controlled substances,

3

punishable under the laws of the United States of America, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and/or control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

COUNT THREE

On or about January 13, 2010, in the Northern District of Georgia, the defendants,

JOSE TRINIDAD AYALA-BAEZ, aka TRINO,<br>AGUSTINE DIAZ-LOPEZ, aka TIN, and<br>IGNACIO LNU, aka NACHO,

aided and abetted by each other and others, did knowingly and intentionally possess with intent to distribute a controlled substance, namely at least five (5) kilograms of a mixture containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii), and Title 18, United States Code, Section 2.

COUNT FOUR

On or about January 29, 2010, in the Northern District of Georgia, the defendant,

JOSE TRINIDAD AYALA-BAEZ, aka TRINO,

aided and abetted by others, did knowingly and intentionally possess with intent to distribute a controlled substance, namely at least five (5) kilograms of a mixture containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii), and Title 18, United States Code, Section 2.

COUNT FIVE

On or about May 21, 2010, in the Northern District of Georgia, the defendants,

JOSE TRINIDAD AYALA-BAEZ, aka TRINO,
AGUSTINE DIAZ-LOPEZ, aka TIN,
JAVIER PITACUA REYES, aka JORGE OROZCO MORA, aka PANCHITO,
GUILLERMO BARRIGA SILVESTRE, aka CARNITAS, and
CATARINO MORENO,

aided and abetted by each other and others, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and/or foreign commerce, to wit, the transfer of U S. Currency in the amount of approximately $550,822.00, which involved the proceeds of a specified unlawful activity, that is, the felonious buying, selling and/or otherwise dealing in controlled substances, punishable under the laws of the United States of America, 1) knowing that the transaction was designed in whole or in part to

5

conceal and disguise the nature, source, ownership, and/or control of the proceeds of said specified unlawful activity, and 2) with the intent to promote the carrying on of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, the currency of the United States which was transferred, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i) and 2.

### COUNT SIX

On or about June 2, 2010, in the Northern District of Georgia, the defendants,

> JOSE TRINIDAD AYALA-BAEZ, aka TRINO,
> AGUSTINE DIAZ-LOPEZ, aka TIN,
> GUILLERMO BARRIGA SILVESTRE, aka CARNITAS,
> ARTEMIO ALANIS GONZALEZ, aka COYOTA,

aided and abetted by each other and others, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and/or foreign commerce, to wit, the transfer of U S. Currency in the amount of approximately $599,443.00, which involved the proceeds of a specified unlawful activity, that is, the felonious buying, selling and/or otherwise dealing in controlled substances, punishable under the laws of the United States of America, 1) knowing that the transaction was designed in whole or in part to conceal and disguise the nature, source, ownership, and/or control

6

of the proceeds of said specified unlawful activity, and 2) with the intent to promote the carrying on of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is, the currency of the United States which was transferred, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i) and 2.

## FORFEITURE PROVISION

1.   Upon conviction of one or more of the controlled substance offenses alleged in Counts One, Three, and Four of this Indictment, defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

    A.   MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense, or conspiracy to commit such offense, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable.

    B.   CURRENCY AND FUNDS:

        1.   Approximately $1,527,674.37 in United States

7

currency seized on January 13, 2010;

2. Approximately $550,822.00 in United States currency seized on May 22, 2010;

3. Approximately $599,443.00 in United States currency seized on June 2, 2010;

4. $165,000.00 in United States currency seized on June 16, 2010 from safe deposit box #89 at Wachovia Bank;

5. $125,000.00 in United States currency seized on June 16, 2010 from safe deposit box #214 at SunTrust Bank;

6. $125,000.00 in United States currency seized on June 16, 2010 from safe deposit box #C128 at Bank of America;

7. $42,737.60 in funds seized on June 16, 2010 from Wachovia Bank account number XXXXXXXXX9635 held in the name of Artis Lisbon;

8. $10,192.53 in funds seized on June 16, 2010 from Bank of America account number XXXXXXXX1365 held in the name of Artis Lisbon;

9. $79,456.04 in funds seized on June 16, 2010 from Bank of America account number XXXXXXXX3679 held in the name of Trotti Used Cars;

10. $2,737.80 in funds seized on June 16, 2010 from Wachovia Bank account number XXXXXXXXX3493 held in the name of Artis Lisbon;

11. $5,921.14 in funds seized on June 16, 2010 from Bank of America account number XXXXXXXX7686 held in the name of Artis Lisbon;

12. $57,904.17 in funds seized on June 16, 2010 from SunTrust Bank account number XXXXXXXXX6346 held in the name of Artis Lisbon; and

13. $23,444.87 in funds seized on June 16, 2010 from SunTrust Bank account number XXXXXXXXX3740 held in the name of Trottis Contracting and Building LLC.

C.   VEHICLES:

1.   2010 Toyota Corolla, VIN 2T1BU4EE0AC192441;

2.   2004 Infiniti G35, VIN JNKCV51E74M102608;

3.   2006 Volvo S40, VIN YV1MS382862156281;

4.   2008 GMC Sierra K2500, VIN 1GTHK23618F131004;

5.   2002 Jeep Grand Cherokee, VIN 1J8GW68J12C324923.

6.   1972 Chevrolet Chevelle Malibu, VIN 1D67W2B638764;

7.   2009 Chevrolet Malibu, VIN 1G1ZJ57B69F102074; and

8.   2008 GMC Sierra 2500, VIN 1GTHK23618F131004.

D.   PERSONAL PROPERTY:

1.   Assorted jewelry seized on June 16, 2010 from safe deposit box #214 at SunTrust Bank, more particularly described as follows:

(a)   One men's platinum Rolex watch;

(b)   One men's Breitling Bentley Chronometer watch with diamond dial & bezel; and

(c)   One men's 14Kt white gold bracelet with 25.5 ct. round baguette diamonds;

2.   Assorted jewelry seized on June 16, 2010 from safe deposit box #C128 at Bank of America, more particularly described as follows:

(a)   One platinum Oyster Rolex Watch with 17.50 ct. diamonds;

(b)   One men's platinum designer link chain with 7.80 ct. round cut diamonds;

(c)   One platinum Tiffany-style key covered with 5.60 ct. total weight round cut diamonds; and

(d)   One set platinum stud earrings with 3.0 ct. diamonds on each; and

9

3.   One Glock Model 23 .40 caliber pistol.

2.   Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant who is convicted of one or more of the money laundering offenses set forth in Counts Two, Five and Six of this Indictment shall forfeit to the United States all right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations, including but not limited to the following:

A.   MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense, or conspiracy to commit such offense, for which the defendant is convicted.  If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable.

B.   CURRENCY AND FUNDS:

1.   Approximately $1,527,674.37 in United States currency seized on January 13, 2010;

2.   Approximately $550,822.00 in United States currency seized on May 22, 2010;

3.   Approximately $599,443.00 in United States currency

10

seized on June 2, 2010;

4.    $165,000.00 in United States currency seized on June 16, 2010 from safe deposit box #89 at Wachovia Bank;

5.    $125,000.00 in United States currency seized on June 16, 2010 from safe deposit box #214 at SunTrust Bank;

6.    $125,000.00 in United States currency seized on June 16, 2010 from safe deposit box #C128 at Bank of America;

7.    $42,737.60 in funds seized on June 16, 2010 from Wachovia Bank account number XXXXXXXX9635 held in the name of Artis Lisbon;

8.    $10,192.53 in funds seized on June 16, 2010 from Bank of America account number XXXXXXXX1365 held in the name of Artis Lisbon;

9.    $79,456.04 in funds seized on June 16, 2010 from Bank of America account number XXXXXXXX3679 held in the name of Trotti Used Cars;

10.   $2,737.80 in funds seized on June 16, 2010 from Wachovia Bank account number XXXXXXXXX3493 held in the name of Artis Lisbon;

11.   $5,921.14 in funds seized on June 16, 2010 from Bank of America account number XXXXXXXX7686 held in the name of Artis Lisbon;

12.   $57,904.17 in funds seized on June 16, 2010 from SunTrust Bank account number XXXXXXXXX6346 held in the name of Artis Lisbon; and

13.   $23,444.87 in funds seized on June 16, 2010 from SunTrust Bank account number XXXXXXXXX3740 held in the name of Trottis Contracting and Building LLC.

C.   VEHICLES:

1.    2010 Toyota Corolla, VIN 2T1BU4EE0AC192441;

2.    2004 Infiniti G35, VIN JNKCV51E74M102608;

3.    2006 Volvo S40, VIN YV1MS382862156281;

4.    2008 GMC Sierra K2500, VIN 1GTHK23618F131004;

5.    2002 Jeep Grand Cherokee, VIN 1J8GW68J12C324923.

6.    1972 Chevrolet Chevelle Malibu, VIN 1D67W2B638764;

7.    2009 Chevrolet Malibu, VIN 1G1ZJ57B69F102074; and

8.    2008 GMC Sierra 2500, VIN 1GTHK23618F131004.

D.    PERSONAL PROPERTY:

1.    Assorted jewelry seized on June 16, 2010 from safe deposit box #214 at SunTrust Bank, more particularly described as follows:

(a)    One men's platinum Rolex watch;

(b)    One men's Breitling Bentley Chronometer watch with diamond dial & bezel; and

(c)    One men's 14Kt white gold bracelet with 25.5 ct. round baguette diamonds;

2.    Assorted jewelry seized on June 16, 2010 from safe deposit box #C128 at Bank of America, more particularly described as follows:

(a)    One platinum Oyster Rolex Watch with 17.50 ct. diamonds;

(b)    One men's platinum designer link chain with 7.80 ct. round cut diamonds;

(c)    One platinum Tiffany-style key covered with 5.60 ct. total weight round cut diamonds; and

(d)    One set platinum stud earrings with 3.0 ct. diamonds on each; and

3.    One Glock Model 23 .40 caliber pistol.

3.    If, as a result of any act or omission of the defendants, any property subject to forfeiture:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

12

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be
      subdivided without difficulty;

the United States intends, pursuant to Title 21, United States

Code, Section 853(p), as incorporated by Title 18, United States

Code, Section 982(b),  to seek forfeiture of any other property of

said defendant up to the value of the forfeitable property

described above.


A _____ BILL

_____
FOREPERSON


SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

_____
SANDRA E. STRIPPOLI
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6304
404 581-6171 fax
Georgia Bar No. 688565

_____
DAVID E. SUCHAR
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6275
404 581-6171 fax
Georgia Bar No. 322514