# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **GUILLERMO BARRIGA SILVESTRE,** | : | **MOTION TO VACATE** |
| | : | **28 U.S.C. § 2255** |
| Movant, | : | |
| | : | **CRIMINAL INDICTMENT NO.** |
| v. | : | **1:10-CR-0251-TWT-AJB-4** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL FILE NO.** |
| Respondent. | : | **1:13-CV-2837-TWT-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant, Guillermo Barriga Silvestre, seeks to challenge via 28 U.S.C. § 2255 his sentence entered in this District under the above criminal docket number. The matter is before the Court for preliminary review of the § 2255 motion. [Doc. 599.] Rule 4(b) requires the Court to order summary dismissal of a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rules Governing Section 2255 Proceedings, Rule 4(b). For the reasons discussed below, it is recommended that Movant's § 2255 motion be dismissed as untimely.[1]

---

[1] The opportunity to object to this recommendation provides Movant with a fair opportunity to present any matter that requires a different disposition of the matter. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (holding "that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state

## I. **Discussion**

In September 2011, Movant pleaded guilty to money laundering. [Doc. 300.] By judgment entered on December 1, 2011, the Court imposed on Movant a sixty-three month term of imprisonment. [Doc. 341.] Movant did not seek direct review. Movant filed his § 2255 motion on August 20, 2013.[2] [Doc. 599.]

A § 2255 motion is subject to a one-year statute of limitations that runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

prisoner's habeas petition," but noting that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions"); *see also Taylor v. United States*, 518 Fed. Appx. 348, 349 (6th Cir. Mar. 22, 2013) ("The district court properly denied Taylor's section 2255 motion on timeliness grounds because the court may sua sponte dismiss a motion as barred by the applicable one-year statute of limitations.") (citing *Day, id.*)

[2] Generally, a prisoner filing is deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. *Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988), and *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).

AO 72A
(Rev.8/82)

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f). The one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir.) (quoting *Holland v. Florida*, 560 U.S. 631, _, 130 S. Ct. 2549, 2562 (2010)) (internal quotation marks omitted), *cert. denied*, _ U.S. _, 132 S. Ct. 158 (2011). In addition, actual innocence provides an exception, though rare, to AEDPA's time limitations. *McQuiggin v. Perkins*, _ U.S. _, _, 133 S. Ct. 1924, 2013 (stating that the petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted)). To show actual innocence, Petitioner must, "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence,"

3

demonstrate that "it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 324, 327-28.

Because Movant did not file a direct appeal, his federal conviction became final on December 15, 2011, fourteen days after the December 1, 2011 entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A). Under § 2255(f)(1), Movant's § 2255 motion was due by December 1, 2012.[3] Because Movant's August 2013 § 2255 motion is untimely, it must be dismissed.

## II. Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved

---

[3] There is no indication that § 2255(f)(2)-(4), equitable tolling, or the actual innocence exception applies.

in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Lott v. Attorney Gen.*, 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because the decisive procedural issue, untimeliness, is not debatable. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

For the reasons stated above,

5

**IT IS RECOMMENDED** that Movant's § 2255 motion, [Doc. 599], be **DISMISSED** as untimely and that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference of the § 2255 motion to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this  16th  day of September, 2013.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)